Bennett M. Cohen, Esq. (State Bar No. 98065)
Law Office Of Bennett M. Cohen, PC
1438 Market Street
San Francisco, California 94102
Telephone (415) 864-3246; Fax (415) 373-9365
Email: bennettmcohen@gmail.com

Attorney for PLAINTIFF TUCK WONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUCK WONG,<br><br>    Plaintiff,<br><br>    vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY and BANK OF AMERICA CORPORATION GROUP BENEFITS PROGRAM,<br><br>    Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES FOR FAILURE AND REFUSAL TO PAY BENEFITS DUE UNDER THE PLAN AND FOR COSTS AND ATTORNEYS' FEES (29 U.S.C. SECTIONS 1001 and 1132)<br><br>DEMAND FOR JURY TRIAL |

    This case arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 USC Section 1001 et seq.  Under 29 USC Section 1132(e), state and federal court have concurrent jurisdiction over this action.

1

COMPLAINT FOR DAMAGES FOR FAILURE AND REFUSAL TO PAY BENEFITS DUE UNDER THE PLAN AND FOR COSTS AND ATTORNEYS' FEES (29 U.S.C. SECTIONS 1001 and 1132)

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
FOR FAILURE AND REFUSAL TO PAY BENEFITS DUE UNDER THE PLAN AND FOR COSTS AND ATTORNEYS' FEES

Plaintiff complains of Defendants and for cause of action alleges:

1) At all times herein mentioned, each defendant was an agent, servant, employee and joint venturer of each of the other defendants herein named and was at all times acting within the course and scope of said agency, employment, service and joint venture.

2) On information and belief, Defendant METROPOLITAN LIFE INSURANCE COMPANY underwrote, issued and funded Defendant BANK OF AMERICA CORPORATION GROUP BENEFITS PROGRAM (hereafter "Defendant Plan"). The Defendant Plan, on information and belief, bears Group Policy Number 34701-2-G.

3) At all times herein mentioned, Defendant METROPOLITAN LIFE INSURANCE COMPANY was and now is a corporation engaged in the sale and business of insurance in California, and on information and belief, was transacting business in all counties in the State of California.

4) At all times herein mentioned, the Defendant Plan was an entity created in the State of California for employees of BANK OF AMERICA CORPORATION; at all times herein mentioned, BANK OF AMERICA CORPORATION was headquartered in the State of Delaware and employed Plaintiff at its facility in the City and County of San Francisco, State of California.

5) At all times herein mentioned, said Defendants, and each of them, provided through Defendant Plan insurance coverages for disability and other conditions; said coverages applied to employees of BANK OF AMERICA CORPORATION, including Plaintiff herein.

6) At all times herein mentioned, Plaintiff was a resident of the County of San Mateo, State of California; at all times herein mentioned, Plaintiff was an employee and an insured and/or a participant within the terms and provisions of Defendant Plan; at all times herein mentioned, Defendant Plan was in full force and effect.

COMPLAINT FOR DAMAGES FOR FAILURE AND REFUSAL TO PAY BENEFITS DUE UNDER THE PLAN AND FOR COSTS AND ATTORNEYS' FEES (29 U.S.C. SECTIONS 1001 and 1132)

7)      At all times herein mentioned, on information and belief, Defendant Plan was administered by BANK OF AMERICA CORPORATION in the City and County of San Francisco, State of California; on information and belief, at all times herein mentioned, BANK OF AMERICA CORPORATION was headquartered and had its principal place of business in the City and County of San Francisco, State of California at all times herein mentioned, Defendants' obligation to pay benefits under Defendant Plan to Plaintiff arose in the City and County of San Francisco, State of California and was to be performed in the City and County of San Francisco, State of California where Plaintiff had his place of employment with BANK OF AMERICA CORPORATION.

8)      In or around 2020 and while Plaintiff was an employee of BANK OF AMERICA CORPORATION and an insured and participant within the terms and provisions of Defendant Plan, Plaintiff became "Disabled" within the terms and provisions of Defendant Plan with respect to his "Own Occupation" due to post traumatic stress disorder ("PTSD") and/or other psychological disorders; at all of said times and thereafter, Plaintiff is, was and has remained disabled under the "Own Occupation" provision and, following the first 24 months of his Disability, will likely remain so under the "Any Occupation" provision of the Defendant Plan and is entitled to receive long term disability insurance benefits payable under both provisions. By reason of his disability, Plaintiff is totally and permanently disabled and is entitled to benefits through the entire life of the Plan until benefits would terminate under the terms of the Defendant Plan and/or by operation of law.

9)      Within the times prescribed by Defendant Plan, Plaintiff duly presented his claim (designated as Claim No. 242010071948 by Defendants);  Plaintiff duly presented all necessary proofs of loss and evidence supporting his claim of disability; Plaintiff has performed any and all other conditions required of him under the terms and provisions of Defendant Plan to receive, secure and obtain benefits; Plaintiff has exhausted any and all administrative remedies provided by Defendants prior to filing suit; to the extent that Defendants may now claim that Plaintiff has

failed to exhaust administrative remedies, "exhaustion" of administrative remedies is not required as a condition precedent for filing suit for the following reasons: Defendants failed to give proper notice to Plaintiff of the availability of such remedies in the manner required by ERISA and the regulations promulgated thereunder including, but not limited to 29 CFR 2560.603-1(f); Defendants failed to comply with their obligations under ERISA to adequately set forth the reasons for the denial of Plaintiff's claim; this case is cognizable in the first instance by a court; Defendants delayed an unreasonably long time in reviewing Plaintiff's claim and any and all requests for further review and any and all appeals of Defendant Plan's claims decisions; the remedies purportedly provided by Defendant Plan do not exist or are inadequate; the "administrative remedy(s)" provided by Defendant Plan is, and at all times would have been, futile to pursue.

10) Notwithstanding sufficient notices of Plaintiff's claim, proofs of loss and evidence supporting his claim of disability, Defendants, and each of them, have failed and refused to pay Plaintiff the long term disability benefits due and owing under Defendant Plan; more particularly, on or about March 18, 2021, Defendants wrote to Plaintiff and informed him that they were terminating benefits to him under the "Own Occupation" provision of the Defendant Plan effective March 17, 2021 as, according to Defendants, Plaintiff was purportedly able to perform his "Own Occupation."  Plaintiff timely appealed Defendants' termination of benefits and their denial of his claim under the "Own Occupation" provision of the Defendant Plan.  On or about June 4, 2021, Defendants denied Plaintiff's appeal.

11) Defendants' denial of Plaintiff's claim and his appeal and their failure and refusal to pay Plaintiff benefits due under Defendant Plan is contrary to the Plan language and its terms and provisions.  Defendants' denials and their failure and refusal to pay benefits to Plaintiff are incorrect and erroneous and, furthermore, are arbitrary and capricious; under the terms and provisions of Defendant Plan and the applicable law, Plaintiff's disability is fully covered and he is entitled to long term disability benefits under Defendant Plan.

12) As of the time of the filing of this complaint, on information and belief, Defendants owe Plaintiff in excess of $75,000 in accrued benefits; said benefits will continue to accrue on a monthly basis under the terms and provisions of Defendant Plan; the total amount of the monthly benefits that will accrue under the terms and provisions of Defendant Plan and which will be due to Plaintiff will far exceed $75,000; as a result of his medical condition(s) and resulting disability, Plaintiff is totally, permanently disabled.

13) Plaintiff has been compelled to retain counsel to pursue his claims for benefits under Defendant Plan; Plaintiff has and will incur costs and attorneys fees in an amount unascertained at present.

14) By reason of the premises, Plaintiff has incurred damages as and for the amount of the long term disability benefits withheld; the amount of past due, present and future benefits that will be due to Plaintiff is in excess of $250,000; additionally, Plaintiff is entitled to interest accrued on any and all withheld benefits as well as costs and reasonable attorneys fees.

PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. The payment of the disability benefits due and owing under the Defendant Plan (29 U.S.C. Sec. 1132(a)(B)); past, present and future benefits owed by Defendants to Plaintiff that are accruing monthly in excess of $250,000 and according to proof;

2) Costs of asserting these claims and costs of suit herein incurred (29 U.S.C. Sec. 1132 (g));

3) For reasonable attorneys' fees according to proof (29 U.S.C. Sec. 1132 (g));

COMPLAINT FOR DAMAGES FOR FAILURE AND REFUSAL TO PAY BENEFITS DUE UNDER THE PLAN AND FOR COSTS AND ATTORNEYS' FEES (29 U.S.C. SECTIONS 1001 and 1132)

4)      Interest assessed on all unpaid or delayed benefits (29 U.S.C. Sec. 1132 (g));

5)      Pre- and Post-judgment interest as allowed by law (29 U.S.C. Sec. 1132 (g));

6)      For further and other relief, legal or equitable, as this Court deems just and proper.

Dated: October 25, 2021           LAW OFFICE OF BENNETT M. COHEN, PC

/s/ *Bennett M. Cohen*
Bennett M. Cohen
Attorney for Plaintiff TUCK WONG

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for each and every cause of action pled in this action.

Dated: October 25, 2021           LAW OFFICE OF BENNETT M. COHEN, PC

/s/ *Bennett M. Cohen*
Bennett M. Cohen
Attorney for Plaintiff TUCK WONG

COMPLAINT FOR DAMAGES FOR FAILURE AND REFUSAL TO PAY BENEFITS DUE UNDER THE PLAN AND FOR COSTS AND ATTORNEYS' FEES (29 U.S.C. SECTIONS 1001 and 1132)